[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-15120

_____

D. C. Docket No. 1:10-cv-02775-SCJ

DEWAYNE CARROLL,

Plaintiff-Appellant,

versus

CITY OF STONE MOUNTAIN,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(November 25, 2013)

Before WILSON, and DUBINA, Circuit Judges and MIDDLEBROOKS,∗ District
Judge.

PER CURIAM:

---

∗ Honorable Donald M. Middlebrooks, United States District Judge for the Southern
District of Florida, sitting by designation.

Appellant DeWayne Carroll, a former police officer who suffered an injury while on duty and was later diagnosed with post-traumatic stress disorder, appeals the district court's grant of summary judgment to his former employer, the City of Stone Mountain, Georgia ("the City"), in Carroll's employment discrimination complaint brought pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12112(a).   In his complaint, Carroll alleged that the City failed to provide him a reasonable accommodation for his disabilities when it disregarded his doctor's note extending his medical leave and terminated his employment for job abandonment when he did not report for work.

On appeal, Carroll argues that the district court erred in finding that there was no genuine issue of material fact that he failed to notify the City of his need for additional medical leave as an accommodation for his injury.  He asserts that he was not required to personally notify the City of his need for medical leave and that it was reasonable for him to assume that this information was given to the City through his doctor and the workers' compensation insurance carrier, through which the City had received all previous updates about Carroll's work status.

We review *de novo* a district court's grant of summary judgment on an ADA claim.  *Holly v. Clairson Industries, L.L.C.*, 492 F.3d 1247, 1255 (11th Cir. 2007). We may affirm a grant of summary judgment "if there exists any adequate ground for doing so, regardless of whether it is the one on which the district court relied."

2

*Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1117 (11th Cir. 1993).

Assuming, *arguendo*, that the district court erred in granting summary judgment to the City based on Carroll's failure to notify it of his need for additional medical leave, we nevertheless affirm the grant of summary judgment on different grounds. *See id.* at 1117. We conclude from the record that Carroll was not a "qualified individual" under the ADA because he did not and could not establish that he could have performed the essential functions of his job, either with or without reasonable accommodation. 42 U.S.C. § 12111(8). Although a leave of absence can be a reasonable accommodation, Carroll's requested accommodations in this case were not reasonable. Carroll asserted in the district court that the City should have honored his request for a short-term leave of absence to cure his disabilities, and that he would have been able to return to work had the City accommodated his request. However, the record is clear that Carroll would not have been able to perform the essential functions of a police officer, or even those of the light duty work that the City offered, at the end of his requested leave of absence. Indeed, Carroll conceded in his deposition that there was no accommodation that the City could have provided at the time of his termination that would have allowed him to return to work in any capacity. Furthermore, to the extent that Carroll requested a longer period of time in which to recover, the City's refusal to grant this request was not a violation of the ADA because there was "no

temporal limit on the advocated grace period," and he was asserting only that "he deserve[d] sufficient time to ameliorate his conditions." *Wood v. Green*, 323 F.3d 1309, 1313 (11th Cir. 2003) (quoting *Duckett v. Dunlop Tire Corp.,* 120 F.3d 1222, 1226 (11th Cir. 1997)).

We are aware of the hardship and frustration experienced by Carroll resulting from his injury and his termination by the City. But the ADA does not cover those who cannot "perform the essential functions of their jobs presently or in the immediate future." *Wood*, 323 F.3d at 1314. Accordingly, we affirm the district court's grant of summary judgment in favor of the City.

AFFIRMED.